NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER J. MILLER, | No. 23-15597 |
| Plaintiff-Appellant, | D.C. No. 1:20-cv-01117-AWI-SAB |
| v. | |
| M SOTO, Sergeant in the Investigative Services Unit, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted August 20, 2024**

Before:     S.R. THOMAS, RAWLINSON, and COLLINS, Circuit Judges.

California state prisoner Christopher J. Miller appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's ruling on cross-motions for summary judgment.  *Hamby v.*

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016).  We affirm.

The district court properly granted summary judgment for defendant on Miller's retaliation claim because Miller failed to raise a genuine dispute of material fact as to whether the search of his personal property and the issuance of the two rules violations report were not reasonably related to legitimate penological goals.  *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (setting forth elements of a retaliation claim in the prison context); *Pratt v. Rowland*, 65 F.3d 802, 806-07 (9th Cir. 1995) (deference should be afforded to prison officials in evaluating proffered "legitimate penological" goals).

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).  We do not consider documents and facts not presented to the district court.  *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Miller's motion for reconsideration of the order granting appellee's motion to seal (Docket Entry No. 22) is denied.

**AFFIRMED.**